[Civ. No. 1647. First Appellate District.—September 23, 1915.]

## ANNA MANTYAJA, Respondent, v. JOHN KUIVALA, Appellant.

ACTION FOR MONEY LOANED.—In an action to recover money alleged to have been loaned by the plaintiff to the defendant, in which the evidence showed that plaintiff advanced the money to one who was engaged to marry the defendant, to pay for a house to be occupied by them after marriage, a promissory note being executed therefor by defendant to the sister of the lender, who also loaned the defendant money on similar representations, the note, which included both loans, being taken in her name for convenience, the testimony of plaintiff that the defendant sent his prospective wife to her for the money was sufficient evidence to sustain a finding and judgment against the defendant, where the defendant did not deny this statement and plaintiff was not cross-examined as to the source of her knowledge upon the point.

ID.—PLEADING—JOINDER OF CAUSES AND PARTIES.—In such a case the defendant cannot complain of the joinder with him as defendant of the payee of the promissory note or of a second cause of action for an additional amount loaned by plaintiff to defendant, where the only purpose of joining said party with the defendant was that she might be brought into court in order that the note taken in her name, admittedly for the loan to plaintiff, might be canceled and the defendant thereby relieved from his obligation to pay the same.

ID.—GARNISHMENT OF PAYEE—INSUFFICIENT DEFENSE.—The fact that a garnishment was served upon the maker of the note, in an action against the payee, is no defense to the action for the money loaned.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. A. E. Graupner, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

William Sea, Jr., and Joseph P. Fallon, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor and from an order denying a new trial.

The complaint is in two counts, the first to recover two hundred and fifty dollars and interest, alleged to have been

loaned by plaintiff to John Kuivala, and the second to recover fifty dollars, the amount of a later loan to him. The answer of the defendant Kuivala denies the loan sued upon in the first count of the complaint; and, as to the second count, sets up the defense of want of jurisdiction and misjoinder of causes of action.

The evidence reveals a peculiar and involved state of facts which may be summarized as follows: In April, 1911, one Ina Wetener, a girl who was engaged to marry John Kuivala, came to the plaintiff, Anna Mantyaja, and asked her for the loan of two hundred and fifty dollars to help pay for a small house to be occupied by her after her marriage. Plaintiff gave her a check for this amount. Ina Wetener then went to plaintiff's sister, Beda Mantyaja, and borrowed from her two hundred dollars more upon a similar representation. Shortly after the marriage, the plaintiff, being about to go on a visit to Sweden, saw John Kuivala and his wife regarding her loan; and it was then agreed among them that John Kuivala should give his promissory note for the sum of four hundred and fifty dollars, covering both of the above loans; and because the plaintiff was going away, it was further agreed that the note should be made out in the name of the plaintiff's sister, Beda Mantyaja, as the payee thereof. During the plaintiff's absence, John Kuivala paid Beda Mantyaja the sum of two hundred dollars, the same being intended to liquidate her interest in the note and being so applied. After the plaintiff's return, she went to live for a time with John Kuivala and his wife; and while there loaned to Kuivala the fifty dollars referred to in the second count of her complaint. Being unable to collect either of these loans, she brought this action, and joined her sister Beda as a codefendant with Kuivala, apparently upon the theory that this would lead to the surrender and cancellation of the note, which, for some reason, her sister Beda had not transferred to her. Beda Mantyaja defaulted; but when the case was tried, the note was produced in court in the possession of the plaintiff, and was ordered canceled. The findings of the court are generally that all the allegations of the plaintiff's complaint are true, and all the averments of the defendant's answer are untrue. Judgment was accordingly rendered in plaintiff's favor upon both counts of the complaint.

The appellant, John Kuivala, urges upon this appeal that the evidence is entirely insufficient to sustain the findings and judgment of the court, his contention being that the uncontradicted evidence in the case shows that the original loan of the plaintiff was not to him but to Ina Wetener; and that, as to the plaintiff, he never bound himself in writing to become answerable for this debt, since his only written obligation was the note given to plaintiff's sister, Beda Mantyaja, and which was never assigned to plaintiff. It is true that the evidence of this defendant's connection with the original advance of two hundred and fifty dollars made by the plaintiff to Ina Wetener is slight. It consists in the plaintiff's testimony that the defendant, Kuivala, sent Ina Wetener to ask her for this money. The appellant claims that this is a mere conclusion of the plaintiff; but this may not be true. The defendant, Kuivala, does not deny that he did this; nor was the plaintiff cross-examined as to the source of her knowledge upon this point. It might well be that Kuivala himself had admitted in some of his several interviews with the plaintiff that he had originally sent Ina Wetener as his agent to plaintiff to solicit this loan. We think that this unattacked and undenied testimony of the plaintiff was sufficient to sustain the averment of her complaint that her original debtor was Kuivala; and hence also in that respect to sustain the findings and judgment of the court.

The appellant makes the further contention that the court erred in overruling his demurrer to the effect that there was a misjoinder of parties defendant, and also of causes of action, in that Beda Mantyaja was joined with John Kuivala as a party defendant; and that as to the obligation sued on in the second count in the complaint, she had no connection with it. But if this be an error, we think it is one of which the defendant, John Kuivala, cannot complain; for obviously the only purpose of making Beda Mantyaja a party defendant was that being the holder of the note of John Kuivala, drawn by him in her favor, but admittedly intended to cover the plaintiff's loan, she should be brought into court in order that the note might be canceled, and the defendant thereby relieved from his obligation to pay the same. It was to the defendant, Kuivala's, interest that this should be done; and hence he is in no position to complain of the presence of his co-

defendant or at the action of the court in ordering the note produced and canceled.

There is yet another complication introduced into this case by the defendant's pleadings and proof. He avers and shows that one Victor Johnson has brought an action against Beda Mantyaja, and has attached whatever sum of money is due her on the note of Kuivala, and that the latter has made reply to the garnishment process in said action that he would hold the money due upon his said note to abide the result of said action; and he avers and testifies that he does not now know to whom to pay said money. This court is not called upon to solve this problem for the appellant further than to say that if, as the proofs disclose, he never in fact owed Beda Mantyaja this particular debt, notwithstanding the making of his note to her covering said sum, he cannot be heard to urge that he is under any greater obligation to her attaching creditor as a defense to the payment to plaintiff of his just debt to her.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 22, 1915.